2020R0000743/CDC/SD/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Brian R. Martinotti, U.S.D.J. |
| v. | : | Crim. No. 20-911 (BRM) |
| BRANDON SNEED, | : | CONSENT JUDGMENT AND |
| | | PRELIMINARY ORDER OF |
| Defendant. | : | FORFEITURE AS TO SPECIFIC |
| | | PROPERTY (FINAL AS TO THE |
| | : | DEFENDANT) |

WHEREAS, on February 22, 2023, defendant Brandon Sneed pleaded

guilty to a one-count Indictment, which charged him with knowingly

possessing a firearm as a convicted felon, a violation of 18 U.S.C. § 922(g)(1);

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), a

person convicted of being a felon in possession of a firearm, as alleged in the

Indictment, shall forfeit to the United States any firearm and ammunition

involved in the commission of the offense;

WHEREAS, in the plea agreement and pursuant to 18 U.S.C. § 924(d)(1)

and 28 U.S.C. § 2461, defendant Brandon Sneed agreed to forfeit to the United

States all of his right, title and interest in: (1) one (1) .45 caliber Para 1911

handgun, bearing serial number K014878; and (2) eight (8) rounds of .45

caliber ammunition, (the "Specific Property");

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 28

U.S.C. § 2461(c)) require publication and notice to third parties known to have

alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Brandon Sneed:

(1)    Consents to the forfeiture to the United States of the Specific Property as property involved in the offense, in violation of 18 U.S.C. § 922(g)(1), as charged in the Indictment, to which the defendant has pleaded guilty;

(2)    Agrees that this Order is final as to the defendant at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3)    Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific Property;

(4)    Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5)    Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(6)     Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7)     Agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment; and

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.     As a result of the defendant's conviction of being a felon in possession of a firearm as charged in the Indictment, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law.

2.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Brandon Sneed, shall be made part of the sentence of defendant Brandon Sneed, and shall be included in the judgment of conviction therewith.

3.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

4.     Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of

3

this Order for at least 30 consecutive days on the government internet site
www.forfeiture.gov.  The United States shall also send notice of this Order to
any person who reasonably appears to be a potential claimant with standing to
contest the forfeiture in the ancillary proceeding.

5.      Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2)
and (n)(3), the notice of forfeiture must describe the forfeited property with
reasonable particularity, state the times by which a petition contesting the
forfeiture must be filed, and state the name and contact information for the
government attorney to be served with the petition.  The notice shall also state
that the petition (i) shall be for a hearing to adjudicate the validity of the
petitioner's alleged interest in the Specific Property, (ii) shall be signed by the
petitioner under penalty of perjury, and (iii) shall set forth the nature and
extent of the petitioner's right, title or interest in the Specific Property, the time
and circumstances of the petitioner's acquisition of the right, title and interest
in the Specific Property, any additional facts supporting the petitioner's claim,
and the relief sought.

6.      Any person, other than the defendant, claiming interest in the
Specific Property must file a petition within 60 days from the first day of
publication of notice on the government internet site, or no later than 35 days
from the mailing of direct notice, whichever is earlier, pursuant to Rule
32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of
the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture
Actions.

4

7.    Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

8.    Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.    This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this *18th* day of *Sept*, 2023.

_____
HON. BRIAN R. MARTINOTTI, U.S.D.J.

The undersigned hereby consent to
the entry and form of this Order:

PHILIP R. SELLINGER
United States Attorney

*/s/ Chelsea D. Coleman*                         Dated: 02/13/2023
By:  CHELSEA D. COLEMAN
Assistant United States Attorney

*David A. Holman*
_____
DAVID HOLMAN, ESQ.
Attorney for Defendant Brandon Sneed

Dated:    2/17/23


s/ Brandon Sneed
_____
BRANDON SNEED, Defendant

Dated:    2/17/23

*David A. Holman*

6